## APPLICATION OF FUNDS UNDER THE WORKMEN'S COMPENSATION LAW NOT SUBJECT TO INJUNCTION.

Court of Appeals for Hamilton County.

WASHINGTON T. PORTER ET AL, TRUSTEES OF THE PUBLIC LIBRARY, v. WM. A. HOPKINS, TREASURER OF HAMILTON COUNTY, ET AL; AND BOARD OF EDUCATION OF CINCINNATI v. SAME; AND STATE, EX REL THOMAS L. POGUE, PROSECUTING ATTORNEY, v. SAME; AND CITY OF CINCINNATI, BY WALTER M. SCHOENLE, CITY SOLICITOR, v. SAME.*

Decided, October 24, 1914.

*Jurisdiction—Not Conferred Upon the Courts—To Enjoin Payments Under the Workmen's Compensation Law.*

The authority conferred by Sections 2921 and 4311 on the prosecuting attorney of the county and the city solicitor to bring actions for the purpose of restraining the illegal payment of money from the public treasury do not give jurisdiction to a court to entertain an injunction proceeding contrary to the provisions of Section 58 of the workmen's compensation act.

*W. T. Porter, Walter M. Schoenle,* City Solicitor; *Chas. A. Groom,* Assistant City Solicitor; *Thomas L. Pogue,* Prosecuting Attorney; *J. V. Campbell, Carl M. Jacobs* and *Simon Ross, Jr.,* Assistant Prosecuting Attorneys, for plaintiffs.

*Timothy S. Hogan,* Attorney-General; *John A. Deasy, Jas. I. Boulger, Thomas H. Morrow,* Assistants to the Attorney-General, contra.

PER CURIAM.

These actions come into this court on appeal from the court of common pleas. They are brought on behalf of the city of Cincinnati, county of Hamilton, the board of education of the city school district of the city of Cincinnati and the trustees

---

*Affirmed by the Supreme Court, December 15, 1914—*Porter et al, Trustees,* v. *Hopkins, Treasurer,* reported in 90 Ohio State.

of the public library for the purpose of having Sections 15, 16, and 17 of the act known as the workmen's compensation act, 103 O. L., pages 72 to 92, inclusive, declared unconstitutional, and to enjoin the treasurer of Hamilton county from paying a warrant issued by the auditor of Hamilton county in favor of the Treasurer of the State of Ohio, to pay the fund provided for in said Sections 16 and 17.

Objection is made by defendants to the jurisdiction of this court to entertain these injunction proceedings, by reason of Section 58 of said act, which is as follows:

"No injunction shall issue suspending or restraining any order, classification or rate adopted by the board, or any action of the Auditor of State, Treasurer of State, Attorney-General, or the auditor or treasurer of any county, required to be taken by them or any of them by any of the provisions of this act; but nothing herein shall affect any right or defense in any action brought by the board or the state in pursuance of authority contained in this act."

Plaintiffs rely, however, upon the right of the prosecuting attorney of the county by virtue of Section 2921, General Code, and the solicitor of the city by virtue of Section 4311, General Code, to bring such actions for the purpose of restraining the misapplication of funds and the illegal payment of money from the treasury.

While these sections relied upon are both broad in their terms and would ordinarily confer the authority to bring such actions by the prosecuting attorney and the city solicitor, Section 58 of the act in question is so specific that it must be held to control. And as it does not take away the right of the courts to entertain other actions to determine the question of constitutionality sought to be raised herein, by its terms, this court has no jurisdiction to entertain these cases, and is without authority to grant the relief prayed therein.

The actions, therefore, will be dismissed.